IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CATHEY D. SMITH<br>1034 West Lombard Street<br>Baltimore, Maryland 21223 | * | |
| | * | |
| Plaintiff, | * | |
| | | Case No. _____ |
| v. | * | |
| | | Removed from the Circuit Court |
| CAPITAL ONE AUTO FINANCE,<br>INC. | * | of Baltimore City, Maryland<br>Case No. 24C11001355 |
| 3939 Beltline Road, Suite 500<br>Dallas, Texas 75244 | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Capital One Auto Finance, Inc., now known as Capital One Auto Finance, a Division of Capital One, N.A., ("COAF"), by and through its undersigned attorneys, removes this action from the Circuit Court for Baltimore City, Maryland, the Court in which the case is currently pending, to the United States District Court for the District of Maryland (Northern Division). In support thereof, COAF states as follows:

## BACKGROUND

1.      COAF exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446 to remove this case from the Circuit Court for Baltimore City, Maryland. The case is now pending under the name and style of *Cathey D. Smith v. Capital One Auto Finance, Inc.*, Civil Action No. 24-C-11-001355.

2.      28 U.S.C. § 1441 provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

3.      This civil action was instituted in state court and has not been tried.  Plaintiff Cathey D. Smith ("Plaintiff") filed a complaint and demand for jury trial naming COAF as defendant, and docketed it with the Circuit Court for Baltimore City, Maryland, on or about March 2, 2011.  A copy of the Complaint filed in state court is attached as **Exhibit A**.  COAF first received the initial pleading setting forth the claims for relief upon which this action is based and the summons to respond thereto on or about March 21, 2011.  A copy of the Summons received by COAF is attached as **Exhibit B**.

4.      Plaintiff is a citizen and resident of Maryland, residing at 1034 West Lombard Street, Baltimore, Maryland 21223 (Compl. ¶ 1, Caption.)

5.      Plaintiff alleges that Defendant COAF is a business entity with its headquarters in Texas.  (Compl. ¶ 2.)  Indeed, at the time of filing of Plaintiff's Complaint on March 2, 2011, Defendant COAF was a citizen of Texas, with its main office and principal place of business is in Plano, Texas.  *See* Declaration of Stephen Ortiz, paragraph 5, attached hereto as **Exhibit C**.

6.      Effective April 1, 2011, COAF became a division of Capital One, N.A.  The new division operates as Capital One Auto Finance, a Division of Capital One, N.A.  Capital One, N.A. is a national banking association chartered under federal law with its main office located in Virginia. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306-07, 126 S. Ct. 941, 945-46

(2006). Thus, for purposes of diversity of citizenship under 28 U.S.C. § 1332, COAF is a citizen of Virginia at the time of removal. *See* Declaration of Stephen Ortiz, paragraph 6, attached hereto as **Exhibit C**.

7.      Plaintiff alleges COAF took wrongful repossession of her automobile and alleges causes of action for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Compl. ¶¶ 14-22.); violation of the Maryland Credit Grantor Closed End Credit Provisions, Md. Comm. Law Code Ann., § 12-1001 *et seq*. (Compl. ¶¶ 23-30); violation of the Maryland Consumer Protection Act, Md. Comm. Law Code Ann., § 13-101 *et seq*. (Compl. ¶¶ 31-39; and conversion (Compl. ¶¶ 40-44.).

8.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

## SUBJECT MATTER JURISDICTION

### THIS CASE IS REMOVABLE UNDER 28 U.S.C. §§ 1331, 1441(b)

9.      28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10.      According to Plaintiff, COAF violated the FDCPA, *inter alia*, by "misrepresenting the character, amount and legal status of Plaintiff's debt as outstanding upon repossession of the Vehicle when, in fact, the debt had been paid in full." (Compl. ¶ 16.)

11.      As to the FDCPA count alone, Plaintiff demands judgment in the amount of One Hundred and Fifty Thousand Dollars ($150,000.00) in compensatory damages and One Million Dollars ($1,000.00.00) in punitive damages. (*See* Compl. Count I and *ad damnum* clause.)

12.      Accordingly, this case is being removed pursuant to 28 U.S.C. §§ 1331, 1441(b) because the FDCPA claim arises under the Constitution, treaties or laws of the United States.

**THIS CASE IS REMOVABLE UNDER 28 U.S.C. §§ 1332, 1441(b)**

13.     This Court has jurisdiction over this action under 28 U.S.C. § 1332, which provides in relevant part: "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between ... citizens of different States...."

14.     There is complete diversity of citizenship between Plaintiff and COAF.

15.     The amount in controversy on the face of the Complaint in this action exceeds the value of $75,000, exclusive of interest and costs.  Notably, the *ad damnum* clauses of each cause of action seek $150,000 in "compensatory damages" and $1,000,000 in "punitive damages." (Compl.)

16.     Accordingly, this case is also being removed pursuant to 28 U.S.C. §§ 1332, 1441(b) because this Court has diversity jurisdiction.

**PROCEDURAL COMPLIANCE**

17.     In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by COAF of a copy of the Summons and the Complaint, the initial pleading setting forth the claims for relief upon which this removal is based.

18.     Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the Circuit Court for Baltimore City, Maryland, in which court the case is currently pending, to the United States District Court for the District of Maryland (Northern Division).

19.     The United States District Court for the District of Maryland (Northern Division) embraces the City of Baltimore in which the state court action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 100.  Venue is appropriate in this

Court pursuant to 28 U.S.C. § 1441. The Circuit Court of Baltimore City is located within this District and cases arising in Baltimore City are properly assigned to the Northern Division of this Court. *See* 28 U.S.C. § 100(1).

20.     No previous application has been made for the relief requested.

21.     Pursuant to the provisions of 28 U.S.C. § 1446(a), attached is a copy of: (1) the Complaint filed in state court, attached as **Exhibit A**; and (2) the Summons served on COAF, attached as **Exhibit B**; and (3) the Affidavit of Proof of Service filed by Plaintiff attached as **Exhibit D**.

22.     Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff through her attorney of record, Richard P. Seitz, Esquire, and the Law Office of Barry R. Glazer, P.C., as required by law.

23.     A true and correct copy of this Notice of Removal will be filed with the clerk of the Circuit Court for Baltimore City, Maryland, as required by law, and served upon counsel for Plaintiff. A copy of the written notice of the Notice of Removal is attached as **Exhibit E**.

24.     In filing this Notice of Removal, COAF does not waive, and specifically reserves, all defenses, objections, exceptions, rights, and motions. No statement herein or omission shall be deemed to constitute an admission by COAF of any of the allegations of or damages sought in the Complaint.

## CONCLUSION

WHEREFORE, Defendant Capital One Auto Finance, Inc., now known as Capital One Auto Finance, a Division of Capital One, N.A., respectfully requests the above-captioned action now pending in the Circuit Court for Baltimore City, Maryland, be removed to the United States District Court for the District of Maryland, Northern Division, and that said Court assume

jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated:  April 19, 2011.                      Respectfully submitted,

_Sung B. Yhim_

_____
Sung B. ("Ben") Yhim (Fed. Bar No. 17106)
John C. ("JC") Armstrong (Fed. Bar No. 29125)
**McGuireWoods LLP**
7 Saint Paul Street, Suite 1000
Baltimore, MD 21202
(410) 659-4435
(410) 659-4483 (Facsimile)

***Counsel for Defendant***
***Capital One Auto Finance,***
***a Division of Capital One, N.A.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of April, 2011, a copy of the foregoing

Notice of Removal was sent by electronic mail and/or first class mail, postage prepaid, to the

following:

> Richard P. Seitz, Esquire
> Law Office of Barry R. Glazer, P.C.
> P.O. Box 27166
> 1010 Light Street
> Baltimore, Maryland 21230

> *Attorneys for Plaintiff*

_____
Sung B. ("Ben") Yhim

\30028484.2