| | | |
|---|---|---|
| CATHEY D. SMITH<br>1034 West Lombard Street<br>Baltimore, Maryland 21223 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff, | * | OF MARYLAND |
| v. | * | FOR |
| CAPITAL ONE AUTO FINANCE, INC.<br>3939 Beltline, Suite 500<br>Dallas, Texas 75244 | * | BALTIMORE CITY |
| | * | |
| *Serve On: Resident Agent:*<br>CSC-LAWYERS INCORPORATING<br>SERVICE CO.<br>7 St. Paul Street, Suite 1660<br>Baltimore, Maryland 21202 | * | 24C11001355 |
| Defendant. | * | Case No.: _____ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

NOW COMES the Plaintiff, Cathey D. Smith, by and through her attorneys, Richard P. Seitz and the Law Office of Barry R. Glazer, P.C., and files suit against the Defendant, Capital One Auto Finance, Incorporated, and states in support thereof:

### THE PARTIES

1. Plaintiff Cathey D. Smith ["Plaintiff"] is and was, at all times relevant, a citizen of Baltimore City, Maryland.

2. Defendant Capital One Auto Finance, Incorporated ["Defendant"] is a business entity headquartered in Dallas, Texas which regularly extends automobile financing to borrowers in Baltimore City, Maryland.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to MD. CODE ANN., CTS. & JUD. PROC. §6-103, because Defendant transacts business and performs work and service

in the State of Maryland, contracts to supply services in the State of Maryland, and regularly does and solicits business and engages in other persistent courses of conduct in the State of Maryland.

4. Venue lies with the Circuit Court of Maryland for Baltimore City pursuant to MD. CODE ANN., CTS. & JUD. PROC. §6-201(b), because the relevant cause of action arose in Baltimore City, Maryland, and the amount in controversy is greater than five thousand dollars ($5,000.00).

## FACTS COMMON TO ALL COUNTS

5. This action arises out of Defendant's wrongful repossession of a 2005 BMW 3-Series automobile ["the Vehicle"] owned by Plaintiff.

6. On or about May of 2005, upon Plaintiff's acquisition of the Vehicle from a Maryland automobile dealer, Plaintiff entered into a loan arrangement with Defendant to finance its purchase.

7. On or about September of 2007, Defendant seized and repossessed the Vehicle.

8. Prior to September of 2007, a payment of $23,900.00 was deposited into Defendant's bank account on Plaintiff's behalf. Said payment was made via secured bank transfer and satisfied the balance due on Plaintiff's Vehicle in full.

9. Subsequent to the date of Defendant's wrongful repossession, demand was made for return of the Vehicle or, alternatively, reimbursement for the amount paid.

10. In early 2008, Plaintiff received a refund check in the amount of $6,000.00 from Defendant. Despite continued efforts by Plaintiff, the Vehicle was never returned and no further reimbursement was received.

11. In 2009, after continued attempts by Plaintiff for return of the Vehicle, Defendant stated to Plaintiff that the Vehicle had been sold. Defendant made no attempt to notify Plaintiff of the pending transaction prior to sale.

12. On or about November 9, 2010, Defendant sent acknowledgement that Plaintiff had paid the balance due on the loan in full and that the lien against the Vehicle was thereby released.

13. Plaintiff has made repeated demands for the Vehicle or, in the alternative, proper compensation for the balance paid. To date, Defendant has made a single refund to Plaintiff in the amount of $6,000.00 but has refused to offer any compensation for the remaining balance owed.

## COUNT I

### *VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT*

14. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 13 above, and further alleges:

15. The Fair Debt Collection Practices Act ["FDCPA"], as codified in 15 U.S.C. §§ 1601-1692p, is a federal statute which governs the practices of debt collectors in the collection of consumers debts. As a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6), Defendant's conduct is governed by the FDCPA.

16. Defendant violated the FDCPA, 15 U.S.C. §1692e(2), by misrepresenting the character, amount and legal status of Plaintiff's debt as outstanding upon repossession of the Vehicle when, in fact, the debt had been paid in full.

17. Defendant violated the FDCPA, 15 U.S.C. §1692f(1), by using unfair and unconscionable business practices, including the collecting and retaining of payments not legally chargeable to the Plaintiff following repossession of the Vehicle.

18. Defendant violated the FDCPA, 15 U.S.C. §1692f(6), by using unfair and unconscionable business practices, including taking action to effect dispossession and disablement of the property where there was no right to possession of the property claimed and where the property was exempt by law from such dispossession and disablement.

19. Defendant violated the FDCPA, 15 U.S.C. §1692g(a)(1), by failing to accurately and fully state in communications to Plaintiff the amount of the debt allegedly owed prior to and subsequent to the repossession.

20. Defendant's conduct in violation of the FDCPA, 15 U.S.C. §§ 1601-1692p, has wrongfully allowed Defendant to collect, accept and retain charges and property from Plaintiff for which it was not and is not entitled as a matter of law.  Defendant's continued holding of those payments and property was and is improper and continues to be unjust and inequitable to Plaintiff.

21. As a direct and proximate result of Defendant's unfair and deceptive practices in violation of the FDCPA, Plaintiff has sustained the following damages:

    a. Deprivation of the Vehicle's use;

    b. Significant economic loss; and

    c. Deprivation of substantial rights, including the right to possession of the Vehicle and the right to know when and where the sale of the Vehicle would take place.

22. Defendant is not entitled to retain the benefits of its wrongful repossession and deceptive practices.

WHEREFORE, the Plaintiff, Cathey D. Smith, demands judgment against the Defendant, Capitol One Auto Finance, Incorporated, in the amount of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00) in compensatory damages and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages, plus interest and costs of this action.

## COUNT II

### *VIOLATION OF THE MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS*

23. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 13 above, and further alleges:

24. Maryland's Credit Grantor Closed End Credit Provisions ["CLEC"], MD. COMM. LAW CODE ANN., §12-1001 *et seq.*, governs Defendant's extension of credit to Plaintiff and Defendant's repossession of Plaintiff's property pursuant to that agreement.

25. Defendant's repossession of the Vehicle on the basis of alleged missed payments which, in fact, were not due, was in violation of the CLEC, §12-1021, which permits repossession of tangible personal property by a credit grantor only if the consumer borrower is in default.

26. Defendant's repossession of the Vehicle was in further violation of the CLEC, §12-1021, because Defendant failed to provide written notice to Plaintiff of the intention to repossess the property at least ten (10) days prior to the repossession.

27. Further, by failing to notify Plaintiff of her right to redeem the Vehicle and of the pending sale of the Vehicle following repossession, Defendant failed to provide the full

accounting and disclosures required pursuant to the CLEC, §12-1001, which requires that a credit grantor sell repossessed vehicles in a commercially reasonable manner and provide a full accounting of sale proceeds and disclosure of certain material facts to its borrowers.

28. Defendant's conduct in violation of the CLEC, §§ 12-1001 and 12-1021, has wrongfully allowed Defendant to reclaim tangible personal property from Plaintiff for which it was not and is not entitled as a matter of law. Defendant's repossession was and is improper and continues to be unjust and inequitable to Plaintiff.

29. As a direct and proximate result of Defendant's wrongful repossession and failure to make legally mandated disclosures in violation of the CLEC, Plaintiff has sustained the following damages:

   a. Deprivation of the Vehicle's use;

   b. Significant economic loss; and

   c. Deprivation of substantial rights, including the right to possession of the Vehicle and the right to know when and where the sale of the Vehicle would take place.

30. Defendant is not entitled to retain the benefits of its wrongful repossession and deceptive practices.

WHEREFORE, the Plaintiff, Cathey D. Smith, demands judgment against the Defendant, Capitol One Auto Finance, Incorporated, in the amount of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00) in compensatory damages and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages, plus interest and costs of this action.

## COUNT III

### *VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT*

31. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 13 above, and further alleges:

32. Maryland's Consumer Protection Act ["CPA"], MD. COMM. LAW CODE ANN., § 13-101 *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices in the extension of consumer credit and in the collection of consumer debts. CL § 13-303(3) and (4). As a "person" under the CPA, CL § 13-101(h), Defendant is prohibited from engaging in unfair and deceptive trade practices.

33. By repossessing Plaintiff's Vehicle on account of alleged debts which, in fact, were not due, Defendant has committed conduct which constitutes unfair and deceptive practices in violation of the CPA, § 13-101 *et seq.*, including CL §§ 13-303(3) and (4), and §§ 13-301(l) and (3).

34. In violation of the CPA, CL § 13-301(l), Defendant made false and misleading representations which had the capacity, tendency or effect of deceiving or misleading Plaintiff. Defendant violated the CPA, CL § 13-303(3)-(4) and § 13-301(l), in failing to notify Plaintiff of the date that the Vehicle would be sold, therefore misrepresenting the final date up to which the Vehicle could still be redeemed, and in notifying Plaintiff that a deficiency balance was owed to Defendant which, in fact, Plaintiff did not owe and which Defendant could not lawfully collect. These representations were false and misleading and tended to and did deceive Plaintiff as to her rights and the balances which were due and owing.

35. In violation of the CPA, CL § 13-301(3), Defendant failed to state a material fact the failure of which deceived or tended to deceive Plaintiff. Defendant violated the CPA, CL § 13-303(3)-(4) and § 13-301(3), by failing to accurately disclose, and misrepresenting, to Plaintiff the date and time of the sale of the Vehicle and failing to disclose accurate and material facts about the sale that Defendant had a duty under the law to disclose. This failure to disclose material facts caused Plaintiff to be misinformed about the amount of time she had to redeem the Vehicle, and caused Plaintiff to be deprived of material information Defendant was required to disclose to her about its sale.

36. As a result of Defendant's unfair and deceptive trade practices in violation of the CPA, §§ 13-101 and 13-303, Plaintiff was induced to make payments to Defendant on the alleged deficiency balances, and was deceived about the date of the sale of her property and was denied material information about the conduct of those sales to which she was entitled, causing Plaintiff injury and loss.

37. Defendant has collected, accepted and retained charges from Plaintiff for which it is not entitled as a matter of law. Defendant's continued holding of those payments is improper and continues to be unjust and inequitable to Plaintiff.

38. As a direct and proximate result of Defendant's unfair and deceptive practices, failure to comply with disclosures mandated by law and material breach of its contract with Plaintiff, Plaintiff has sustained the following damages:

    a. Deprivation of the Vehicle's use;

    b. Significant economic loss; and

    c. Deprivation of substantial rights, including the right to possession of the Vehicle and the right to know when and where the sale of the Vehicle would take place.

39. Defendant is not entitled to retain the benefits of its wrongful repossession and deceptive practices.

WHEREFORE, the Plaintiff, Cathey D. Smith, demands judgment against the Defendant, Capitol One Auto Finance, Incorporated, in the amount of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00) in compensatory damages and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages, plus interest and costs of this action.

## COUNT IV

### *CONVERSION*

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 13 above, and further alleges:

41. Defendant was entitled to repossess the Vehicle from Plaintiff only upon default, and Defendant's removal and subsequent sale of the Vehicle, intentionally and without permission or justification, constituted a conversion of Plaintiff's property.

42. Defendant's conduct constitutes and establishes a *prima facie* case of conversion of Plaintiff's property for the following reasons:

    a. Plaintiff had the right to possession of the Vehicle and the Vehicle was in Plaintiff's possession;

    b. Defendant took possession of the Vehicle without Plaintiff's express consent or the implied consent of any applicable credit arrangement or statutory provision;

    c. Plaintiff made a reasonable demand for the return of the Vehicle;

    d. Defendant has failed, refused and/or neglected to return the Vehicle to Plaintiff; and

    e. Defendant's taking of possession of the Vehicle and subsequent sale thereof converted the Vehicle to the use of Defendant.

43. As a direct and proximate result of Defendant's conversion of the Vehicle, Plaintiff has sustained the following damages:

    a. Deprivation of the Vehicle's use;

    b. Significant economic loss; and

    c. Deprivation of substantial rights, including the right to possession of the Vehicle and the right to know when and where the sale of the Vehicle would take place.

44. Defendant is not entitled to retain the benefits of its wrongful conversion.

WHEREFORE, the Plaintiff, Cathey D. Smith, demands judgment against the Defendant, Capitol One Auto Finance, Incorporated, in the amount of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00) in compensatory damages and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages, plus interest and costs of this action.

Respectfully Submitted,

_____
Richard P. Seitz
LAW OFFICE OF BARRY R. GLAZER, P.C.
P.O. Box 27166
1010 Light Street
Baltimore, Maryland 21230
(410) 547-8568
*Attorneys for Plaintiff*

---

## DEMAND FOR JURY TRIAL

Plaintiff Cathey D. Smith requests a jury trial on all issues raised herein.

_____
Richard P. Seitz