IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CAREY D. SMITH, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-11-1023 |
| CAPITAL ONE AUTO FINANCE, INC., | * | |
| Defendant | * | |

**MEMORANDUM**

Carey D. Smith ("Plaintiff") brought this suit against Capital One Auto Finance, Inc. ("Defendant"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (West 2011) ("FDCPA"), the Maryland Credit Grantor Closed End Credit Provisions, MD. CODE ANN., COM. LAW §§ 12-1001 to -1029 (West 2011) ("CLEC"), the Maryland Consumer Protection Act, MD. CODE ANN., COM. LAW §§ 13-101 to -501 (West 2011) ("MCPA"), and conversion. Defendant now moves to dismiss the case. For the reasons set forth below, Defendant's Motion To Dismiss (ECF No. 10) is GRANTED IN PART and DENIED IN PART.

**I.     BACKGROUND**

Plaintiff's Complaint (ECF No. 2) makes the following allegations: in May of 2005, Plaintiff obtained a loan from Defendant, which she used to buy a car; Plaintiff then paid off the loan in full, in the amount of $23,900; Defendant, however, repossessed the car in September of 2007, claiming that a balance was still due on the loan; Plaintiff demanded that Defendant either

1

return the car or refund her money; in early 2008, Defendant sent Plaintiff a refund check in the amount of $6,000; Plaintiff continued to demand return of the vehicle or a full refund, but received neither; in 2009, without any prior notice, Defendant informed Plaintiff that it had sold the car; in November of 2010, Defendant sent an acknowledgment that Plaintiff had paid the balance due on her loan and that the lien against the car was released.

On March 2, 2011, Plaintiff filed suit in the Circuit Court of Maryland for Baltimore City, alleging violations of the Fair Debt Collection Practices Act, the Maryland Credit Grantor Closed End Credit Provisions, the Maryland Consumer Protection Act, and conversion. On April 19th, Defendant removed the action to this Court. Defendant now moves to dismiss the case.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In evaluating the complaint's sufficiency, the court must view all well-pled factual allegations as true and construe them in the light most favorable to the Plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive the motion, the complaint need only present enough factual content to render the claim "plausible on its face" by enabling the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556-57 (2007). If, after taking all factual allegations as true, the court determines that it cannot infer more than "the mere possibility of misconduct," the motion should be granted and the complaint dismissed. *Iqbal*, 129 S.Ct. at 1950.

## III. ANALYSIS

### A. Class Action Settlement Agreement

Defendant alleges that all of Plaintiff's claims are barred by a class action settlement agreement in the case of *Watts v. Capital One Auto Finance*, No. 1:07-cv-03477-CCB (D. Md. Jan. 15, 201). However, on a motion to dismiss under Rule 12(b)(6), the court's review is limited to the pleadings and supporting documents. *E.I. du Pont de Nemours and Co. v. Kolon Industries*, 637 F.3d 435, 448 (4th Cir. 2011). If a court considers matters outside the pleadings, it must convert the motion to one for summary judgment under Rule 56 and give the parties notice and an opportunity to respond accordingly. Fed. R. Civ. P. (12)(d) (West 2011). A court should not, however, convert a motion to dismiss to a motion for summary judgment before the parties have had an opportunity for reasonable discovery. *E.I. du Pont v. Kolon*, 637 F.3d at 448-49. Since there has been no discovery in this case, the Court must therefore restrict its review to the pleadings, applying the standard of Rule 12(b)(6). As a result, it cannot consider what effect, if any, the *Watts* settlement has on the viability of Plaintiff's claims. Defendant must raise this issue as an affirmative defense or in a motion for summary judgment.

### B. Fair Debt Collection Practices Act

Count I of the Complaint alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (West 2011) ("FDCPA"). The FDCPA applies only to "debt collectors," which it defines as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another,

or

> ... any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). The Act further defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed..." 15 U.S.C. § 1692a(4). This Court has consistently held that "creditors collecting debts in their own names and whose primary business is not debt collection" are not "debt collectors" by the Act's definition. *See Federico v. Bank of America*, Civil Action No. RDB 11-051, 2011WL 2470094 (D. Md. Jun. 17, 2011) (unpublished) (citing *Boccone v. Am. Express Co.*, Civil Action No. RDB 05-3436, 2007 WL 2914909 (D. Md. Oct. 4, 2007); *Akpan v. First premier Bank*, Civil Action No. DKC 09-1120, 2010 WL 917886 (D. Md. Mar. 8, 2010)).

The Complaint alleges that Plaintiff "entered into a loan arrangement with Defendant" to finance the purchase of a car. Therefore, according to the Complaint, Defendant is a "creditor" within the meaning of the FDCPA. Thus, Plaintiff could only have a cause of action against Defendant under the FDCPA if Defendant had attempted to collect Plaintiff's debt under a name other than its own, or if it were regularly involved in collecting debts owed to others. There are no such allegations in the Complaint. Plaintiff's response in opposition to Defendant's Motion To Dismiss, however, states that Plaintiff "intends to utilize discovery to prove the extent that the Defendant's business is involved with the collection of debt and if she can prove [sic] that the Defendant misrepresented to her that it was a third-party that was attempting to collect the debt she allegedly owed." (Pl.'s Resp. 17, ECF No. 14-1). Even if this statement had been included in the Complaint, however, the claim would still fail, because it does not allege that Defendant was involved in collecting debts owed *to another* or that it collected its own debts under a different name. Furthermore, if Defendant had attempted to collect Plaintiff's alleged debt under

4

a name other than its own, thereby "misrepresent[ing] to her that it was a third party," this fact would be within Plaintiff's personal knowledge, and discovery would not be necessary.

Because the facts alleged in the Complaint show conclusively that Defendant is a "creditor," and not a "debt collector," for purposes of the FDCPA, Plaintiff has failed to state a claim under that Act. Count I of the Complaint, which contains Plaintiff's FDCPA claim, must therefore be dismissed. *See Kennedy v. Ace Cash Exp.*, Civ. No. CCB-10-1900, WL 1769444 at *3 (D. Md. May 9, 2011).

### C. Maryland Credit Grantor Closed End Credit Provisions

Count II of the Complaint alleges that Defendant violated the Maryland Credit Grantor Closed End Credit Provisions, MD. CODE ANN., COM. LAW §§ 12-1001 to -1029 (West 2011) ("CLEC"). Defendant's only arguments relating to the CLEC claims refer to the *Watts* settlement agreement and to statements made and documents referenced by Plaintiff in her response to this motion. As these matters are beyond the pleadings, the Court cannot consider them. Defendant's motion will therefore be denied as to Count II of the Complaint.

### D. Maryland Consumer Protection Act

Count III of the Complaint alleges that Defendant violated the Maryland Consumer Protection Act, MD. CODE ANN., COM. LAW §§ 13-101 to -501 (West 2011) ("MCPA"). The MCPA prohibits any person from "engag[ing] in any unfair or deceptive trade practice" in, *inter alia*, "the extension of consumer credit." MD. CODE ANN., COM. LAW § 13-303(4). "Unfair or deceptive practices" are defined to include any "[f]alse, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers," and any "[f]ailure to state a material fact if the failure deceives or tends to deceive." §§ 13-301(1), (3). Claims under the MCPA

alleging unfair or deceptive trade practices sound in fraud and are therefore subject to the heightened pleading standards of Rule 9(b). *Haley v. Corcoran*, 659 F.Supp.2d 714, 724 n.10 (D. Md. 2009). Rule 9(b) requires a plaintiff to allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999). This Court has previously held, however, that these heightened pleading requirements cannot be applied to allegations of omissions, because omissions "cannot be described in terms of the time, place, and contents of the misrepresentation or the identity of the person making the misrepresentation." *Flynn v. Everything Yogurt*, Civil Action No. HAR 92-3421, 1993 WL 454355 at 9 (D. Md. Sept. 14, 1993); *see also Shaw v. Brown & Williamson Tobacco Corp.*, 973 F.Supp. 539, 552 (D. Md. 1997); *Hill v. Brush Engineered Materials, Inc.*, 383 F.Supp.2d 814, 822 (D. Md. 2005).

Plaintiff alleges two violations of the MCPA. The first is Defendant's alleged notice of a deficiency balance, which Plaintiff allegedly did not owe. Because Plaintiff has not pled the time or place of the alleged misrepresentation, the allegation does not meet Rule 9(b)'s particularity requirements and must be dismissed.

The second allegation is that Defendant made a material omission by failing to inform Plaintiff of its intent to sell her car and the date on which it would be sold. "An omission is deemed material if a significant number of unsophisticated consumers would attach importance to the information in determining a choice of action." *Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977, 989 (D. Md. 2002) (quoting *Golt v. Phillips*, 517 A.2d 328 (Md. 1986)) (internal quotation marks omitted). The question of materiality is one of fact, to be decided by a jury, and should not be treated by the court as a matter of law. *Green v. H&R Block, Inc.*, 735 A.2d 1039,

1059 (Md. 1999). Since plaintiff has alleged an omission by Plaintiff, Rule 9(b) does not apply. The only question, then, is whether a reasonable inference can be drawn that a significant number of consumers in Plaintiff's position would have acted differently had they known that Defendant intended to sell their cars on a particular date. The Court finds that this inference is reasonable, and that Plaintiff's claim under the MCPA is thus plausible on its face.

Defendant further argues that Plaintiff's MCPA claim is barred because it is untimely. According to Defendant, "all allegations upon which a Maryland CPA claim could be based took place in September 2007." (Def.'s Mot. Dismiss 14). The statute of limitations for civil actions in Maryland is three years. MD. CODE. ANN., CTS. & JUD. PROC. § 5-101 (West 2011). Plaintiff did not file this action until March 2, 2011, more than three years after September of 2007. It is not clear, however, that all of the conduct Plaintiff alleges took place in September of 2007. Indeed, as this Court has recognized before, the act of omission often cannot be limited to a particular point in time. Regardless, under Maryland law the statute of limitations begins to run when a cause of action accrues, which does not happen until a plaintiff either knows or should know that he has suffered an injury. *Doe v. Roe*, 20 A.3d 787, 793 n.6 (Md. 2011). The question of when a plaintiff discovered a cause of action, and thus when the statue of limitations began to run, is ordinarily a question for the fact-finder. *Dashiell v. Meeks*, 913 A.2d 10, 21-22 (Md. 2006). Furthermore, federal courts will not reach an affirmative defense, such as untimeliness, on motion to dismiss, except in the "rare" circumstance in which the complaint itself suggests the defense and contains all the facts necessary to decide the issue. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

Here, because Plaintiff's allegation is that Defendant violated the MCPA by failing to inform her of its plans to sell her car, it appears likely that Plaintiff's cause of action, should she

7

ultimately prove to have one, would not have accrued until she discovered the sale in 2009. This would make Plaintiff's filing of this action timely. The Court does not find, however, that the complaint contains sufficient factual detail to allow this issue to be determined on the pleadings. Therefore, Defendant's motion will be denied as to Plaintiff's MCPA claim with regard to Defendant's alleged omission.

### E. Conversion

Count IV of the Complaint alleges that Defendant committed conversion when it repossessed and sold Plaintiff's car. It further alleges that Defendant repossessed the car in 2007, but did not sell it until 2009. (Compl. ¶¶ 7, 11). Defendant argues that any cause of action for conversion must have accrued when it allegedly repossessed the car in 2007, and that the claim is therefore untimely.

However, the Complaint specifically alleges that "Defendant's taking of possession of the Vehicle *and* subsequent sale thereof converted the Vehicle to the use of Defendant." (Compl. ¶ 42(e)) (emphasis added). It is possible, therefore, to construe the Complaint as alleging that the sale of the car, and not the repossession, constituted the real act of conversion. At the motion to dismiss stage, Plaintiff is not bound to a particular theory of the case, and the Complaint must survive so long as the facts alleged could constitute a cause of action under any theory. The Court finds that Plaintiff *could* conceivably prove that a conversion occurred when Defendant sold her car in 2009. Therefore, the Court cannot properly rule on Defendant's statute of limitations defense in the context of this motion. *See Goodman v. Praxair, Inc.*, 494 F.3d at 464. Defendant must raise the issue either as an affirmative defense or in a motion for summary judgment.

Defendant's motion will therefore be denied as to Count IV.

## IV. CONCLUSION

Accordingly, an order shall issue GRANTING IN PART and DENYING IN PART Defendant's Motion To Dismiss (ECF No. 10).

Dated this 2nd day of August, 2011

                                                    BY THE COURT:

                                                    _____/s/_____
                                                    James K. Bredar
                                                    United States District Judge